GARDEN, JUDGE:
The above-designated claims were consolidated for hearing. The accident in each of the claims occurred on February 16, 1981, on the same bridge on Interstate 81 in Berkeley County, West Virginia, just north of the Route 9 exit. Claimant Thomas E. McNamee’s accident occurred at approximately 5:15 p.m., and the accident of claimant Jacqueline E. Delazio happened at approximately 7:30 p.m. It was raining and the road was wet but not freezing.
Claimant McNamee was driving his 1971 Volvo automobile northerly in the inside or slow lane of 1-81. He was very familiar with this road as he travelled it every Monday in his business. There was traffic to the front and rear, and in the passing lane. He was travelling in excess of 50 miles per hour, it was getting dark, and his headlights were on low beam. Upon entering the bridge, Mr. McNamee saw a hole in the northerly portion of the bridge deck about 25 to 30 feet in front of him. Traffic conditions were such that he could not slow down nor swerve into the left lane. His automobile struck the hole and sustained damage in the amount of $423.21. He stated that, apparently, a part of the concrete bridge deck “had *63 dropped out,” leaving a hole approximately 4 feet square. Claimant further stated that he did not know how long the hole had existed, and that he notified the State police and the respondent the next day.
The facts surrounding the action of the claimant Jacqueline E. Delazio were substantially the same as those of claimant McNamee. She was driving her 1975 Mazda automobile northerly in the inside or slow lane of 1-81 at a speed of approximately fifty miles per hour. It was raining and the traffic was heavy. The vehicles in front of her apparently straddled the hole because Ms. Delazio did not see the hole until her automobile struck it. She stated that she literally “flew in the air” when the accident occurred. The claimant Delazio left the scene of the accident with another motorist and returned later when a wrecker removed her vehicle. She stated that, on her return, the State police had closed the damaged section of the bridge. She further testified that the people at the service station where she had gone stated that people “had been hitting it all day.” According to the claimant’s testimony, her automobile sustained damage to a door, the muffler, tail pipe, hubcaps, and tires in the amount of $618.51. Ms. Delazio indicated that Allstate Insurance Company paid her $448.79 and is joined in this proceeding as a subrogee of the claimant.
Gary R. Klavuhm, respondent’s district bridge maintenance engineer, testified that he was notified of the damaged bridge at approximately 9:30 p.m., but the respondent’s office had been notified at about 8:00 p.m. by the State police, after which the decision was made to close that particular lane of bridge traffic. Mr. Klavuhm further testified that the respondent had received a report (Respondent’s Exhibit 1) on December 4, 1980, made by the Materials Testing and Control Division in Charleston regarding this specific bridge. He stated, “The report basically indicated that there were severe distress and disintegration in the top, essentially in the top two inches of the six-inch concrete deck down to about the top of reinforcement steel.” Mr. Klavuhm also said, “There was nothing to lead us to believe that there would be an imminent full depth structural failure in this particular bridge.” There had been *64 no such failure on any other bridges on 1-81. The Court then asked Mr. Klavuhm the following question concerning the report:
Q. “Okay, well, we have this report. Now, you’ve indicated that there were also regular inspections reports made — reported to the Department of Highways. Did those reports coupled with this report that was made or per tests that were conducted in the summer of 1980, taking all those together, did they give the Department of Highways any notice, however slight, of that possibility of a collapse of that portion of the bridge deck such as occurred here on February 16, 1981?
A. Yes, sir, they did.”
The evidence is not clear as to the actual time that the dangerous condition appeared. Ms. Delazio testified that individuals at the service station stated that people “had been hitting it all day”; however, no one testified to this. Mr. Klavuhm testified that the Department of Highways was notified at 8:00 p.m., and he was notified at 9:30 p.m. The lane of traffic was closed as soon as the State Police and the respondent knew of the condition.
It appears to the Court from the record in this claim that the respondent had reason to believe that this concrete section of the bridge might fail. In view of the fact that this bridge was part of a major interstate system, the respondent had a duty to maintain the bridge in such a way as to prevent a major deck failure, such as occurred in this instance. Therefore, this Court is of the opinion that negligence on the part of the respondent caused the resultant damages sustained by the vehicles belonging to the claimants herein, and makes the following awards:
Award of $423.21 to Thomas E. McNamee.
Award of $169.72 to Jacqueline E. Delazio.
Award of $448.79 to Allstate Insurance Company as subrogee of Jacqueline E. Delazio.